IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04CV8-03-MU

| JEREMIAH ROYSTER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **O R D E R** |
|  | ) |  |
| BOYD BENNETT, et. al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss or For an Enlargement of Time (Document No. 46), filed July 1, 2004, Defendant Turpen's Motion to Dismiss Or For an Enlargement of Time (Document No. 47) filed July 2, 2004 and Plaintiff's Motion for a Preliminary Injunction (Document No. 51) filed December 6, 2004.

**Defendants' Motions to Dismiss**

Plaintiff filed a 42 U.S.C. § 1983 Complaint on January 9, 2004 alleging numerous constitutional violations such as deliberate indifference to a serious medical need; unsanitary conditions; confiscation of items needed for litigation purposes; and racial and sexual harassment. On the same day, Plaintiff filed a Motion for a Preliminary Injunction which this Court denied on April 2, 2004. On January 21, 2004 this Court directed the Plaintiff to exhaust his administrative remedies within 20 days from the date of the Court's order. On February 3, 2004 Plaintiff filed an Amended Complaint and on March 1, 2004 Plaintiff filed a supplement to his Complaint which made some attempt to show exhaustion. On April 2, 2004, this Court directed Defendants to file an Answer to Plaintiff's allegations in his Complaint. Defendants sought at least one extension of time to file an Answer which this Court granted. On June 21, 2004 Plaintiff filed a Notice of

Administrative Remedy Procedure which also appears to make some attempt to show exhaustion. On July 1 and 2, 2004 Defendants filed the instant Motions to Dismiss based on Plaintiff's failure to show exhaustion. Alternatively, Defendants' moved for an extension of time to file an Answer. In response, Plaintiff an opposition to Defendants' motions and again appears to attempt show exhaustion. On September 7, 2004 Plaintiff filed a supplement to his opposition and again appears to attempt to show exhaustion. Finally, on December 9, 2004 Plaintiff filed a further supplement to his Complaint and again attempts to show exhaustion.

While the Court does not have enough information to determine if the Plaintiff has fully exhausted all of his claims, it does appear that he has made some effort, albeit late, to establish that he has done so. For this reason, the Court will deny Defendants' Motions to Dismiss without prejudice to Defendants filing a new Motion to Dismiss which lays out all of Plaintiff's specific claims and addresses whether he has exhausted such claims. If Defendants choose to file such a motion, they must also explain why Plaintiff's efforts to show exhaustion are insufficient. The Court notes that Defendants' Motions to Dismiss failed to include an affidavit indicating that a search has been conducted and that no grievances filed by Plaintiff have been found to exist. If Defendants conclude that a further Motion to Dismiss is not necessary, the Court instructs Defendants to file an Answer to Plaintiff's Complaint, detailing all of Plaintiff's allegations and responding to each[1].

**Plaintiff's Motion for a Preliminary Injunction**

On December 6, 2004 Plaintiff filed a second Motion for a Preliminary Injunction. The Court notes that on April 2, 2004 this Court denied a similar motion. As stated in this Court's prior order, the standard for evaluating a preliminary injunction request is the balancing-of-hardship

---

[1] Often in this type of case, Defendants file an Answer and Motion for Summary Judgment simultaneously.

analysis set forth in <u>Blackwelder Furniture Co. V. Seilig Mfg. Co.</u>, 550 F.2d 189, 193 (4th Cir. 1977). For the reasons outlined in this Court's prior order dated April 1, 2004, Plaintiff's Motion for a Preliminary Injunction is Denied (Document No. 51).

## **ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED that**

1. Defendants' Motions to Dismiss (Documents No. 46 and 47) are Denied. Defendants' alternative Motions for an Enlargement of Time to File an Answer are Granted.

2. No later than thirty (30) days from the filing of this Order, the Defendants shall file an Answer to Plaintiff's Complaint, detailing all of Plaintiff's allegations and responding to each or file a further Motion to Dismiss as specified in this Order.

3. Plaintiff's Motion for a Preliminary Injunction is Denied.

**Signed: September 13, 2005**

Graham C. Mullen
Chief United States District Judge