IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04CV8-03-MU

| | |
|---|---|
| JEREMIAH ROYSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **O R D E R** |
| BOYD BENNETT, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before this Court upon a Complaint pursuant to 42 U.S.C. §1983 which was filed by the Plaintiff pro se. Defendants Bennett, Rowland, Harkleroad, Biddix, Brown, Poteat, Brendle, Johnson, MacKinnon, Cook, Corn, Cothron, Twitty, Patrick, Dotson, Sturgill, Duncan, Hanna, Randolph, Owens, Hughes, McGee, Medford, Beck and Bobo have filed a Motion for Summary Judgment (Document Nos. 67 and 68), with a supporting brief and Defendant Turpin has filed a Motion to Dismiss (Document No. 58.) It appears that the Defendants may be entitled to summary judgment as a matter of law. All of the Defendants have also filed a Motion for a Protective Order (Document Nos. 64 and 69.) Also before the Court is Plaintiff's Motion to Compel (Document No. 66) and Plaintiff's "Response to Defendants' Answer to Complaint and Amend Complaint" (Document No. 65), in which Plaintiff agrees to voluntarily dismiss Defendants Dotson, Sturgill, Duncan, Hana, Randolph, Owens and Hughes from this action.

The Plaintiff is hereby advised that under the provisions of Rule 56(e) of the Federal Rules of Civil Procedure, he is required to submit documents, affidavits, or unsworn declarations

made under penalty of perjury, in opposition to the Motion for Summary Judgment and supporting documents filed by the Defendants. Rule 56(e) reads in pertinent part as follows:

> When a motion for summary judgment is made and supported [by affidavits], an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him.

This rule requires that if the Plaintiff has any evidence to offer to counter the evidence contained in the Motion for Summary Judgment and supporting documents filed by the Defendants, he must present it to the Court in the form of documents, affidavits, or unsworn declarations under penalty of perjury. An affidavit is a written statement made under oath; that is, a statement prepared in writing by the Plaintiff and sworn before a Notary Public. If the Plaintiff chooses, he may instead submit an unsworn declaration and state the following with the date and his signature:

> "I declare under penalty of perjury that the foregoing is true and correct."

**PLAINTIFF ROYSTER READ THIS:**

The Plaintiff is further hereby advised that he has thirty (30) days from the filing of this Order in which to file documents, affidavits, or unsworn declarations in opposition to the Defendants' Motion for Summary Judgment. **FAILURE TO RESPOND WITHIN THIS TIME PERIOD MAY SUBJECT THIS ACTION TO SUMMARY JUDGMENT**.

All of the Defendants ask this Court issue a protective order on the grounds that their Motion for Summary and Motion to Dismiss are pending before this Court. Defendants request that this Court grant the motions and protect them from having to respond to discovery

propounded by Plaintiff until such time as the Motion for Summary Judgment and Motion to Dismiss has been resolved.

Defendant Turpin filed his Motion to Dismiss on October 13, 2005. Defendants Bennett, Rowland, Harkleroad, Biddix, Brown, Poteat, Brendle, Johnson, MacKinnon, Cook, Corn Cothron, Twitty, Patrick, Dotson, Sturgill, Duncan, Hanna, Randolph, Owens, Hughes, McGee, Medford, Beck and Bobo filed their Motion for Summary Judgment on October 24, 2005. The basis of both motions is that Plaintiff failed to exhaust his administrative remedies prior to the filing of the Complaint.

Rule 26(c) permits this Court upon showing of "good cause" to make any order which justice requires to protect a party ... from annoyance, embarrassment, oppression, or undue burden or expense, including ... that discovery not be had. Fed. R. Civ. P. 26(c).

Therefore, for good cause shown, Defendants' Motions for a Protective Order is GRANTED. Defendants need not respond to Plaintiff's discovery requests while the Motion for Summary Judgment and the Motion to Dismiss are pending.

Plaintiff's Motion to Compel is Denied. While the Motion for Summary Judgment and Motion to Dismiss are pending, this Court will stay any further discovery.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. The Plaintiff has thirty(30) days from the filing of this Order in which to provide his own documents, affidavits, or declarations countering the evidence offered by the Defendants' Motion for Summary Judgment.

2. Defendants' Motion for a Protective Order (Document No. 69) is Granted.

3. Defendant Turpin's Motion for a Protective Order (Document No. 64) is Granted.

4. Plaintiff's Motion to Compel (Document No. 66) is DENIED.

5. Defendants Dotson, Sturgill, Duncan, Hana, Randolph, Owens, McGee and Hughes are Dismissed from this action.

**Signed: October 28, 2005**

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge